IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02402-BNB

LUCAS H. LUCERO,

    Applicant,

v.

THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondent.

## ORDER OF DISMISSAL

Applicant, Lucas H. Lucero, currently is detained at the Denver County Jail in Denver, Colorado. Mr. Lucero, acting *pro se*, initiated this action by filing an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. Mr. Lucero has been granted leave to proceed pursuant to 28 U.S.C. § 1915.

On September 12, 2012, Magistrate Judge Boyd N. Boland ordered Respondent to file a preliminary response to the habeas corpus application and address the affirmative defenses of timeliness and exhaustion of state court remedies. On October 10, 2012, Respondent filed a Response. Mr. Lucero did not file a Reply within the time allowed.

The Court must construe Mr. Lucero's Application liberally because he is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's

advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the action will be dismissed.

Mr. Lucero asserts that he is subject to a parole hold that should be lifted. He further asserts that he filed a *pro se* motion to dismiss his case that was denied and he talked to his parole officer to no avail.

Respondent asserts that Mr. Lucero was arrested for a parole violation on or about July 5, 2012, and charged with trespass in Case No. 12CR2898. Pre-Answer Resp., ECF 9, at 2. Mr. Lucero also was charged with other technical violations of the conditions of his parole. *Id.* On October 5, 2012, the district attorney filed a motion to dismiss Case No. 12CR2898, which the district court granted. A parole revocation hearing was scheduled for October 18, 2012, with respect to the remaining technical violations. *Id.* at 9-3. Respondent further asserts that Mr. Lucero has not presented his parole hold claim to any state court and, as a result, has failed to exhaust his state court remedies.

Applicant must exhaust state remedies before he may pursue his claims in a habeas corpus action in this Court. *See Wilson v. Jones*, 430 F.3d 1113, 1118 (10th Cir. 2005). Like other habeas applicants, a § 2241 applicant fulfills the requirement to exhaust state remedies once the issue has been "fairly presented to the state courts." *Picard v. Connor*, 404 U.S. 270, 275 (1971); *Hawkins v. Mullin*, 291 F.3d 658, 668 (10th Cir. 2002). This requirement "is satisfied if the federal issue has been properly presented to the highest state court." *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). "The exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing

a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. See *Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard*, 404 U.S. at 278; see also *Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus applicant to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts," *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. See *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

"A state prisoner is generally barred from obtaining federal habeas relief unless the prisoner has properly presented his . . . claims through one 'complete round of the State's established appellate review process.'" *Woodford v. Ngo*, 548 U.S. 81, 92 (2006) (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)).

Based on the above findings, Mr. Lucero remains in custody subject to a parole hold that he has not challenged in any state court proceeding. He, therefore, has failed to exhaust his state remedies prior to filing this habeas corpus action with this Court. The Application will be denied and the action dismissed for failure to exhaust state court remedies prior to initiating the instant lawsuit.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order is not taken in good faith, and, therefore, *in forma pauperis* status will be

denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Mr. Lucero files a notice of appeal he must also pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Application is denied and the action dismissed without prejudice for failure to exhaust state court remedies before seeking federal court intervention.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED November 8, 2012, at Denver, Colorado.

                              BY THE COURT:

                                s/Lewis T. Babcock
                              LEWIS T. BABCOCK, Senior Judge
                              United States District Court